# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Damon L. Campbell, | Case No. 2:21-cv-00912-APG-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Dean Willett, et al., | |
| Defendants. | |

Before the Court is Plaintiff's motion to compel. ECF No. 21. Defendants oppose the motion. ECF No. 23.

At issue are Requests for Production (RFP) 5, 6, and 7 contained in Plaintiff's First and Second Sets of Requests for Production. Plaintiff requests footage of Unit 6A on August 12, 2020, as well as the interior and exterior footage for the culinary area on August 13, 2020.

Defendants object on several bases, including relevance. Because the Court agrees that the requests are not relevant, the Court will not address the remaining objections.

**I.     Legal Analysis**

If a party resists discovery, Rule 37 authorizes the requesting party to file a motion to compel. Fed. R. Civ. P. 37(a)(1). The motion must include a threshold showing of relevancy. *See, e.g.*, *Nugget Hydroelectric, L.P. v. Pac. Gas & Elec. Co.*, 981 F.2d 429, 438-39 (9th Cir. 1992); *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (9th Cir. 1992). This is a relatively low threshold. *Tsatas v. Airborne Wireless Network, Inc.*, No. 2:20-cv-02045-RFB-BNW, 2022 WL 74003, at \*2 (D. Nev. Jan. 7, 2022). District courts have broad discretion when determining relevance for discovery purposes. *Tsatas*, 2022 WL 74003, at \*2.

At issue in this case is whether Plaintiff was deprived of due process during his disciplinary hearing when he was allegedly precluded from calling a witness and from offering documentation in his defense. Deprivations of due process include not receiving (1) a written statement 24 hours before the disciplinary hearing that includes the charges, a description of the

evidence against the prisoner, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless doing so would interfere with institutional security; and (3) legal assistance where the charges are complex, or the inmate is illiterate. *See Wolff v. McDonnell*, 418 U.S. 539, 563-70 (1974).

Here, Plaintiff's requests have to do with whether the assault (which gave rise to the disciplinary hearing) took place. Yet, whether the assault actually took place is not what is at issue in this case. The issue is whether Plaintiff was afforded the process he is due to defend himself at the disciplinary proceeding. Accordingly,

IT IS ORDERED that Plaintiff's motion to compel (ECF No. 21) is DENIED.

DATED: October 17, 2022

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE