# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Damon L. Campbell,<br><br>                Plaintiff,<br><br>   v.<br><br>Dean Willett, et al.,<br><br>                Defendants. | Case No. 2:21-cv-00912-APG-BNW<br><br>**Order** |

Before the Court is *pro se* Plaintiff Damon Campbell's motion for appointment of counsel. ECF No. 31. The Defendants oppose at ECF No. 37. Plaintiff replied at ECF No. 38. Because the Court finds that exceptional circumstances exist, it grants Plaintiff's motion.

**I.    Background.**

This Court previously ruled that Mr. Campbell could proceed on his Fourteenth Amendment Due Process claim against Willett and Brooks based on allegations that he was precluded from presenting witnesses and documentary evidence at his disciplinary hearing.

Plaintiff now moves for appointment of counsel. ECF No. 31. Plaintiff asserts that the issues are complex, that his previous motions were denied for failure to cite legal authority, that being imprisoned precludes him from properly investigating the case and from obtaining certain evidence that would otherwise be provided to an attorney, and that he will need representation for a jury trial. *Id*.

The Defendants argue there are no exceptional circumstances in this case and that, as a result, counsel should not be appointed. Defendants argue this case involves a single claim against two defendants and that the Court has already explained to Mr. Campbell the law surrounding the claim. As a result, they argue he should be able to proceed with the case pro se. Defendants also argue that Mr. Campbell failed to address the merits of his case, which is one of the factors the Court must consider before appointing counsel. Lastly, Defendants argue that

while Mr. Campbell may not have cited legal authority in previous motions, he has done so in the instant one.

Mr. Campbell's reply does not add much to his previous arguments, other than to state that he is currently locked up 22-hours a day with little access to the law library.

## II.     Legal Standard

Courts have authority to request that an attorney represent any person unable to afford counsel. 28 U.S.C. § 1915(e)(1). The decision to appoint counsel is within the sound discretion of the district court and requires a showing of exceptional circumstances. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). To determine whether exceptional circumstances exist, courts consider the likelihood that the plaintiff will succeed on the merits and the plaintiff's ability to articulate his claims "in light of the complexity of the legal issues involved." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). Neither factor is dispositive, and both must be viewed together. *Wilborn*, 789 F.2d at 1331.

Civil litigants do not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In certain circumstances, however, federal courts are empowered to request that an attorney represent an indigent civil litigant. For example, courts have discretion, under 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).

To determine whether the "exceptional circumstances" necessary for appointment of counsel are present, the court evaluates (1) the likelihood of plaintiff's success on the merits and (2) the plaintiff's ability to articulate his claim *pro se* "in light of the complexity of the legal issues involved." *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn*, 789 F.2d at 1331). A court may find that "exceptional circumstances" exist if a claim is either factually or legally complex. *See, e.g., McElyea v. Babbitt*, 833 F.2d 196, 200 n.3 (9th Cir. 1987) (per curiam) (suggesting that a plaintiff's claim concerning the provision of religious books in prison raises "complicated constitutional issues").

### A. Likelihood of Success on the Merits

Here, Mr. Campbell's Fourteenth Amendment due process claim has a likelihood of success on the merits because it survived the Court's screening process. ECF No. 7.

"The Ninth Circuit has indicated that the articulation of a cognizable claim for relief may itself be sufficient to satisfy the 'merit' analysis on a motion for appointment of counsel." *Turner v. Riaz*, No. 216CV0969MCEACP, 2018 WL 5962726, at *4 (E.D. Cal. Nov. 14, 2018). This factor therefore weighs in favor of appointing counsel.

The Court agrees with Defendants that Mr. Campbell did not address the likelihood of success of his claim. But that is further evidence that Mr. Campbell cannot properly articulate his claims—especially given the fact that he failed to do so again in his reply despite Defendants pointing it out in their opposition.

### B. Ability to Articulate His Claim *Pro Se*

For the reasons discussed below, the Court will exercise its discretion to appoint counsel for Mr. Campbell.

First, the Court finds that Mr. Campbell is having difficulty understanding the difference between re-litigating the underlying disciplinary proceeding and a due process violation. *See, e.g.*, ECF No. 35.

Second, the Court finds that Mr. Campbell fails to understand the legal process given the nature of his request at ECF No. 26 (motion to recuse Attorney General's "Legal Researcher"). Mr. Campbell's failure to provide legal authority for his request is additional evidence that he will have difficulties articulating his claims *pro se*.

Third, the Court recognizes that appointing counsel in this case would allow the proceedings to "undoubtedly proceed more efficiently and effectively." *Johnson v. California*, 207 F.3d 650, 656 (9th Cir. 2000) (per curiam).

Lastly, the Court notes that this is a single-issue case. Nevertheless, it is not necessarily a simple case to Mr. Campbell, as evidenced by his confusion about the parameters of discovery. In fact, this Court has already denied a prior motion to compel on this basis. ECF No. 35. Additionally, certain aspects of his reply call into question whether he understands the parameters of his claim. In

that vein, the appointment of counsel would help Mr. Campbell articulate his claim and proceed with discovery.

Accordingly, these circumstances warrant the appointment of *pro bono* counsel in this case.

## II.   Conclusion and Order

Because the Court will exercise its discretion to appoint counsel and grant Mr. Campbell's motion for appointment of counsel, it will refer the case to the Court's Pro Bono Program to attempt to find an attorney to accept Plaintiff's case. Mr. Campbell should be aware that the Court has no authority to require attorneys to represent indigent litigants in civil cases under 28 U.S.C. § 1915(d). *Mallard v. U.S. Dist. Court for Southern Dist. of Iowa*, 490 U.S. 296, 298 (1989). Rather, when a court "appoints" an attorney, it can only do so if the attorney voluntarily accepts the assignment. *Id*. Additionally, **Mr. Campbell is reminded that unless and until counsel is appointed, he is still responsible for complying with all deadlines in his case**. If counsel is found, Mr. Campbell will be contacted by counsel.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for appointment of counsel (ECF No. 31) is GRANTED.

**IT IS FURTHER ORDERED** that this case is referred to the Pro Bono Program adopted in Second Amended General Order 2019-07 for the purpose of screening for financial eligibility (if necessary) and identifying counsel willing to be appointed as *pro bono* counsel for Plaintiff. The scope of appointment shall include the discovery phase through the termination of the case—whether at the dispositive motion phase or trial. Plaintiff is reminded that he must comply with all deadlines currently set in his case, and there is no guarantee that counsel will be appointed.

**IT IS FURTHER ORDERED** that the Clerk of Court must forward this order to the Pro Bono Liaison.

**IT IS FURTHER ORDERED** that the hearing set for November 15, 2022 is vacated.

DATED: November 7, 2022.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE